STATE EX REL. THOMAS A. CURRAN v. F. M. SAYRE (AUD.)

COUNTY PAYS COURT CONSTABLES IN PROBATE COURT.

> Section 553 Rev. Stat. is not in contravention of Art. 2, Sec. 26, of the constitution of Ohio; but has been repealed by the county officers' salary law, 98 O. L. 89, which provides that the county shall allow the probate judge a certain sum out of the county treasury to pay the salary of all his "deputies, assistants, clerks, bookkeepers, *and other employes* as may be necessary," etc. The phrase "other employes" includes court constables.

[Syllabus by the court.]

IN MANDAMUS.

G. B. Okey, for plaintiff.

K. T. Webber, for defendant.

DUSTIN, J.

We are of the opinion that Sec. 553 Rev. Stat., providing for the appointment of court constables in the probate courts of counties having more than seventy thousand population, is not in contravention of Art.

Franklin County.

2, Sec. 26, of the constitution of Ohio. It is an act of a general nature and of uniform operation throughout the state in all counties containing more than seventy thousand inhabitants, and was enacted for the purpose of meeting conditions liable to occur only in large counties. It is on a par with the election law, held to be constitutional, which provides that the polls in cities of more than three hundred thousand inhabitants shall open at 5:30 A. M. and close at 4 P. M. instead of at the hour provided for opening and closing in smaller towns and cities. *Gentsch* v. *State*, 71 Ohio St. 151 [72 N. E. Rep. 900].

But we are also of the opinion that the foregoing act has been repealed by the more recently enacted county officers' salary law, 98 O. L. 89, which provides that the county shall allow the probate judge a certain sum out of the county treasury to pay the salary of all his "deputies, assistants, clerks, bookkeepers, *and other employes* as may be necessary," etc. We think the phrase, "other employes" covers court constables. Section 23 of the act provides for the repeal of all acts inconsistent with the foregoing. The inconsistency is, to us, apparent.

The rule that a general act does not repeal by implication a former special one does not apply, for the repeal in this instance is not by implication but by express language. Although the act in question is not specifically named, the legislative intent seems to be clear.

The writ therefor, will be denied and the petition dismissed at the costs of the relator.

**Wilson** and **Sullivan, JJ.,** concur.